**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

| | |
|---|---|
| **EDWARD ALLEN KING,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION NO.: 1:15-CV-45 (KEELEY)** |
| **CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,** | |
| Defendant. | |

## **REPORT AND RECOMMENDATION**

### **I.  INTRODUCTION**

On March 10, 2015, Plaintiff Edward Allen King ("Plaintiff"), through counsel Brian D. Bailey, Esq., filed a Complaint in this Court to obtain judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner" or "Defendant"), pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (2015). (Compl., ECF No. 1). On May 13, 2015, the Commissioner, through counsel Helen Campbell Altmeyer, Assistant United States Attorney, filed an Answer and the Administrative Record of the proceedings. (Answer, ECF No. 6; Admin. R., ECF No. 7). On June 10, 2015, Plaintiff filed his Motion for Summary Judgment and a Motion to Proffer Evidence. (Pl.'s Mot. for Summ. J., ECF No. 10; Pl.'s Mot. to Proffer Evid., ECF No. 12). Afterwards, on July 21, 2015, the Commissioner filed a Motion to Remand the matter for further proceedings. (Def.'s Mot. to Remand, ECF No. 16). In turn, Plaintiff filed a Motion to Remand for the Sole

Purpose of Calculating Benefits on August 11, 2015. (Pl.'s Mot. to Remand, ECF No. 18). The matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Civ P 9.02(a). For the reasons set forth below, the undersigned recommends that the matter be remanded for further proceedings.

## II. PROCEDURAL HISTORY

On August 5, 2013, Plaintiff protectively filed a Title II claim for disability and disability insurance benefits ("DIB") and a Title XVI claim for supplemental security income ("SSI") benefits, alleging disability that began on May 31, 2012. (R. 19). Because Plaintiff's earnings record shows that he acquired sufficient quarters of coverage to remain insured through December 31, 2017, Plaintiff must establish disability on or before this date. (Id.). Plaintiff's claim was initially denied on January 6, 2014, and denied again upon reconsideration on March 4, 2014. (R. 129, 146). On March 20, 2014, Plaintiff filed a written request for a hearing, which was scheduled for August 26, 2014. (R. 152, 177).

A video hearing was held before United States Administrative Law Judge ("ALJ") H. Munday in Charlottesville, Virginia. (R. 19, 41). Tony Melanson, an impartial vocational expert, testified via telephone. (R. 41, 195). Plaintiff, represented by counsel Anthony W. Rogers, Esq., appeared and testified in Cumberland, Maryland. (R. 19, 41). On October 8, 2014, the ALJ issued an unfavorable decision to Plaintiff, finding that he was not disabled within the meaning of the Social Security Act. (R. 16). On January 15, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1).

2

Subsequently, Plaintiff again filed for disability benefits, alleging disability that began on October 9, 2014, one day after the date of ALJ Munday's unfavorable decision. (ECF No. 13-3 at 1). On May 2, 2015, the Commissioner issued a favorable decision to Plaintiff, finding that he is disabled within the meaning of the Social Security Act. (ECF No. 13-2 at 1). Specifically, the Commissioner determined that Plaintiff is disabled because his mental impairments meet or medically equal Listing 12.05C,[1] which ALJ Munday failed to explicitly discuss. (ECF No. 11 at 1).

### III. BACKGROUND

Plaintiff was born on June 6, 1967, and was forty-six years old at the time he filed his claim for DIB and SSI benefits. (See R. 79). Plaintiff lives in a house by himself. (R. 241). He is 5'11" tall and weighs approximately 390 pounds. (R. 103, 228). He completed school through the twelfth grade and has received specialized training regarding "[g]rounds and maintenance." (R. 229). His prior work experience includes working as a line worker at a poultry plant. (R. 234). He alleges that he is unable to work due to the follow impairments: (1) high blood pressure; (2) obesity; (3) bilateral foot and leg anomalies; (4) diabetes mellitus; (5) a limited ability to read and write and (6) vision anomalies. (R. 228).[2]

### IV. THE FIVE-STEP EVALUATION PROCESS

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual . . . [must have a] physical or mental impairment or impairments . . . of such severity that he is not only unable to do his

---

[1] Listing 12.05 "applies to claims for disability based upon [intellectual disability]." Young v. Bowen, 858 F.2d 951, 953 n.2 (4th Cir. 1988).
[2] Because Defendant agrees that remand is appropriate, the undersigned declines to exhaustively discuss Plaintiff's medical history at this time.

3

> previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A) (2004). The Social Security Administration uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.
>
> [Before the fourth step, the residual functional capacity ["RFC"] of the claimant is evaluated "based on all the relevant medical and other evidence in your case record . . . ."]
>
> (iv) At the fourth step, we consider our assessment of your [RFC] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520 (2015); 20 C.F.R. § 416.920 (2012). In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. <u>Richardson v.</u>

Califano, 574 F.2d 802, 804 (4th Cir. 1978). Once this is proven, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. Hicks v. Gardner, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be disabled or not disabled at any of the five steps, the process will not proceed to the next step. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

## V.     ADMINISTRATIVE LAW JUDGE'S DECISION

Utilizing the Social Security Administration's five-step sequential evaluation process, the ALJ found that:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since May 31, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: hypertension, diabetes mellitus with peripheral neuropathy, obesity, background diabetic retinopathy, and intellectual disability (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally able to balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; never climb ladders, ropes or scaffolds; frequent exposure to extreme heat and cold; and occasional exposure to hazardous conditions, including unprotected heights and moving machinery. No requirements to read fine print or drive at night. Able to perform simple routine tasks involving no more than simple, short

        instructions and simple work-related decisions with few workplace
        changes.

6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.     The claimant was born on June 6, 1967 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.     The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.     Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10.    Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.    The claimant has not been under a disability, as defined in the Social Security Act, from May 31, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(R. 21-33).

## VI.    <u>DISCUSSION</u>

### A.    Contentions of the Parties

In his Motion to Proffer Evidence, Plaintiff moves to enter into evidence "the [Commissioner's subsequent] finding . . . that [Plaintiff] became disabled on October 9, 2014[,] . . . one day after the ALJ's decision." (ECF No. 12 at 1). Additionally, in his Motion for Summary Judgment, Plaintiff asserts that the Commissioner's decision "is not supported by substantial evidence" because, *inter alia*, the Commissioner's subsequent determination that Plaintiff's mental impairments medically equal Listing 12.05C "raises questions as to the accuracy of the ALJ's decision, a decision that did not directly

discuss" Listing 12.05C. (ECF No. 10 at 1; Pl.'s Br. in Supp. of his Mot. for Summ. J. at 1, ECF No. 11). Plaintiff requests that the Court remand the matter for the calculation of benefits or, in the alternative, remand the matter for further proceedings. (ECF No. 10 at 1).

In her Motion to Remand, Defendant acknowledges that the matter should be remanded, pursuant to the fourth sentence of 42 U.S.C. § 405(g). (ECF No. 16 at 1). Specifically, Defendant requests that the matter be remanded for further proceedings so that the ALJ "[can] assess . . . whether the severity of [Plaintiff's] condition [met] or equal[ed] the requirements of Listing 12.05C" for the time period of May 31, 2012, to October 8, 2014, the alleged period of disability. (See id.). In his Motion to Remand for the Sole Purpose of Calculating Benefits, Plaintiff asserts that further proceedings would serve no meaningful purpose and asks that the matter be remanded to calculate benefits only. (ECF No. 19 at 1).

**B.      Scope of Review**

In reviewing an administrative finding of no disability, the scope of review is limited to determining whether the ALJ applied the proper legal standards and whether the ALJ's findings are supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). A "factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Likewise, a factual finding by the ALJ is not binding if it is not supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a conclusion." Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197,

229 (1938)). Elaborating on this definition, the Fourth Circuit has stated that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a jury verdict were the case before a jury, then there is 'substantial evidence.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). However, "[i]n reviewing for substantial evidence, [a court must] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ's]." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

### C. Analysis of Defendant's Motion to Remand and Plaintiff's Motion to Remand for the Sole Purpose of Calculating Benefits

The issue is whether the matter should be remanded for further proceedings or whether the matter should be remanded for the sole purpose of calculating benefits. Defendant contends that the matter should be remanded for further proceedings because the ALJ failed to explicitly consider whether Plaintiff's mental impairments met or medically equaled the requirements of Listing 12.05C for the time period of May 31, 2012, to October 8, 2014, the alleged period of disability, and needs to do so upon remand. (See ECF No. 16 at 1). Alternatively, Plaintiff contends that the Commissioner determined in his subsequent claim for disability benefits that his mental impairments meet or medically equal the requirements of Listing 12.05C and that, therefore, "another hearing would serve no meaningful purpose." (ECF No. 18 at 1).

Upon review of a final decision denying disability benefits, a court "shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

42 U.S.C. § 405(g). Under "this statute, . . . it [is] appropriate to reverse without remanding whe[n] the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974). The "decision whether to reverse and remand for benefits or reverse and remand for a new hearing is one 'within the sound discretion of the district court.'" Long v. Comm'r of Soc. Sec., No. 1:14CV31, 2014 WL 7048451 at *20 (N.D. W. Va. Dec. 11, 2014) (quoting Edwards v. Bowen, 672 F. Supp. 230 (E.D.N.C. 1987)).

In the present case, the undersigned finds that remand for further proceedings is warranted. At step three of the sequential evaluation process, the ALJ determined that "[t]he severity of [Plaintiff's] mental impairments, considered singly and in combination, do not meet or medically equal the criteria of [L]istings 12.02 and 12.04." (R. 23). The ALJ, however, did not explicitly discuss whether Plaintiff's mental impairments met or medically equaled Listing 12.05. Because the parties agree that the ALJ should have explicitly discussed Listing 12.05, the undersigned will assume without deciding that the ALJ committed an error. When an ALJ commits an error, the ALJ should be allowed the opportunity to correct that error.[3] See, e.g., Breeden, 493 F.2d 1002 at 1011 (stating that "[o]rdinarily we . . . remand to give the [Commissioner] an opportunity to apply the correct legal standard"); Ray v. Astrue, No. 8:08-CV-335-DAB, 2009 WL 799448, at *9

---

[3] Also, because the scope of review is limited to determining whether the ALJ applied the proper legal standards and whether the ALJ's findings are supported by substantial evidence, the undersigned is not able to determine whether Plaintiff's mental impairments meet or medically equal Listing 12.05C using his own judgment. Once the ALJ makes such a determination, however, the undersigned will be able to review that determination and whether it was made properly.

9

(M.D. Fla. Mar. 24, 2009) (stating "the proper remedy for errors is generally not an automatic award of benefits, but rather a remand for further proceedings").

Moreover, a purpose exists for further proceedings. At step three of the sequential evaluation process, the claimant bears the burden of proving that his or her impairments meet or medically equal the severity of an impairment recorded in the "Listing of Impairments," located at 20 C.F.R. Part 404, Subpt. P, App. 1 (2015). <u>Hall v. Harris</u>, 658 F.2d 260, 264 (4th Cir. 1981). A claimant cannot meet this burden, however, simply by showing a "subsequent favorable decision, [even if that decision found him or] her to be disabled a day after the ALJ's unfavorable decision." <u>Pearson v. Colvin</u>, No. 2:14-CV-26, 2015 WL 3757122, at *43-47 (N.D.W. Va. June 16, 2015) (stating that a subsequent favorable decision does not constitute new and material evidence that automatically requires remand). Consequently, further proceedings are needed for Plaintiff to meet his burden of proving that his mental impairments meet or medically equal the requirements of Listing 12.05C.

## VII. <u>RECOMMENDATION</u>

For the reasons herein stated, I find that remand for further proceedings is warranted. Accordingly, I **RECOMMEND** that Defendant's Motion to Remand (ECF No. 16) be **GRANTED**, Plaintiff's Motion to Remand for the Sole Purpose of Calculating Benefits (ECF No. 18) be **DENIED**, the decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings. I further **RECOMMEND** that Plaintiff's Motion for Summary Judgment (ECF No. 10), Motion to Proffer Evidence (ECF No. 12) and Motion to Delay the Court's Remand Order (ECF No. 17) be **DENIED**

**AS MOOT**. Finally, I **RECOMMEND** that the case be **DISMISSED** from the Court's docket.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 7th day of January, 2016.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE